
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO MONJARAZ,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden,<br>Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-47-RSH-MMP<br><br>**ORDER DENYING PETITIONER'S MOTION TO ENFORCE**<br><br>[ECF No. 9] |

On January 5, 2026, petitioner Armando Monjaraz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner argued that rather than being subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶ 41. On January 22, 2026, the Court granted the petition, and directed Respondents "to arrange a bond hearing for petitioner … before an immigration court pursuant to 8 U.S.C. § 1226(a)" within seven days. ECF No. 8 at 2.

On February 2, 2026, Petitioner filed a motion to enforce the Court's order of January 22, 2026. ECF No. 9. That motion is fully briefed. ECF Nos. 12, 13.

In his motion, Petitioner states that he received a bond hearing before an immigration judge on January 29, 2025, at which the immigration judge denied bond upon determining

that Petitioner was a flight risk. ECF No. 9 at 2. Petitioner asserts that in reaching this conclusion, the immigration judge "applied an irrebuttable presumption" that Petitioner is a flight risk, and "failed to provide a meaningful individual custody determination." ECF No. 9 at 3, 4. Neither party has provided the Court a full transcript of the bond hearing, but Petitioner's brief includes a portion of the transcript. That portion concludes, "the court is finding that there is no amount of bond that would mitigate the flight risk." *Id.* at 3. Petitioner argues that such a statement "reflects the application of an irrebuttable presumption." *Id.* Respondents argue, among other things, that Petitioner should be required to exhaust his claims that the immigration judge erred. ECF No. 12 at 2-6. Petitioner's reply brief clarifies that Petitioner only seeks enforcement of the Court's order of January 22, 2026; and does not seek review of the immigration judge's weighing of the evidence, or argue that the immigration judge abused her discretion. ECF No. 13 at 2.

Based on the Court's review of the portion of transcript that Petitioner provided, the immigration judge did not apply an irrebuttable presumption of detention in Petitioner's case. The statement that "the court is finding that there is no amount of bond that would mitigate the flight risk" is a finding at the end of a discussion of Petitioner's bond request— that is, it is a conclusion—rather than a presumption made in lieu of considering the request. The additional arguments presented in Petitioner's motion to enforce would effectively ask this Court to review the immigration court's weighing of the evidence, which Petitioner disclaims in his reply brief, and which the Court is unwilling to do in the context of the relief previously ordered here. Petitioner's motion to enforce [ECF No. 9] is therefore **DENIED**. This ruling is without prejudice to Petitioner seeking review of the immigration judge's custody determination through administrative channels.

**IT IS SO ORDERED**.

Dated: February 20, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-47-RSH-MMP